Ryan Ballard, ISBN 9017
Ballard Law, PLLC
P.O. Box 38
Rexburg, ID 83440
(208) 359-5532
ryanballardlaw@gmail.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TED YORK, | Case No.: 1:17-cv-145 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| MIDLAND FUNDING, LLC, a Delaware limited liability company, JOHNSON MARK, LLC, a Utah limited liability company. | |
| Defendants. | |

COMES NOW the Plaintiff Ted York, by and through his counsel of record, Ryan A. Ballard of Ballard Law, PLLC, and alleges his causes of action against Defendants as follows:

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Additionally, Plaintiff requests this Court exercise supplemental jurisdiction under 28 U.S.C. § 1367 for a pendent state claim for abuse of process.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff Ted York is a natural person residing in Payette County, Idaho, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

3. Defendant Midland Funding is a Delaware limited liability company engaged in the business of collecting debts, using mails and telephone, in this state with its principal place of business located at 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108.

4. Midland Funding is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

5. Midland Funding is licensed to do business in Idaho and can be served through its registered agent, Corporation Service Company, 12550 West Explorer Dr., Suite 100, Boise, ID 83713.

6. Defendant Johnson Mark is a Utah limited liability company engaged in the business of collecting debts, using mails and telephone, in this state with its principal place of business located at 11778 South Election Rd., Suite 240, Draper, UT 84020.

7. Johnson Mark is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Johnson Mark is licensed to do business in Idaho and can be served through its registered agent, Michael Archibald, 3023 East Copper Point Dr., Suite 102, Meridian, ID 83642.

9. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

10. Venue is proper in this District because the acts and transactions occurred here and all the parties reside or transact business here.

## GENERAL ALLEGATIONS

11. Midland Funding is a company which purchases charged-off debts for pennies on the dollar and then enlists law firms to aid in collection of those debts.

12. Midland Funding has contracted with Johnson Mark to perform collection efforts on debts

allegedly owed by Idaho residents.

13. Those collection efforts include filing suit in Idaho and mailing letters to Idaho residents.

14. Upon information and belief, Midland Funding provides standard operating procedures which it expects Johnson Mark to follow.

15. Johnson Mark functions as an agent of Midland Funding.

16. On February 13, 2017, Mr. York was served with a Summons and Complaint with him as the Defendant, Midland Funding v. Teddy York, Payette County Court Case No. CV-2017-157. See Summons and Complaint attached as Exhibit 1.

17. The Complaint alleged that Mr. York owed Midland Funding $11,203.53 for an account which originated with One Main Financial, Inc.

18. The alleged debt was primarily for personal, family, or household purposes, bringing Defendants' collection efforts within the purview of the FDCPA. 15 U.S.C. § 1692a(5).

### COUNT I: VIOLATION OF FDCPA - MISREPRESENTATIONS

19. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

20. The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

21. "[T]he FDCPA is a remedial statute aimed at curbing what Congress considered to be an industry-wide pattern of and propensity towards abusing debtors." *Clark v. Capital Credit & Collection Services, Inc.,* 460 F.3d 1162, 1171 (9th Cir.2006).

22. It prohibits, and imposes strict liability and both statutory and actual damages for, a wide range

of abusive and unfair practices. *Donohue v. Quick Collect, Inc.,* 592 F.3d 1027, 1030 (9th Cir.2010)

23. 15 U.S.C. § 1692e states that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

24. Neither the Summons nor the Complaint had a case number on it.

25. A Defendant cannot file an Answer to a Complaint without a case number.

26. By not providing a case number, Defendants used deceptive means to prevent Mr. York from being able to defend himself.

27. Mr. York was forced to hire an attorney to help him unwind the mysteries of the legal system and determine how to file an Answer when the Plaintiff has hidden critical information necessary to filing an Answer.

28. Mr. York is entitled to statutory and actual damages due to Defendants' violation.

### COUNT II: VIOLATION OF FDCPA - MISREPRESENTATIONS

29. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

30. As stated in the prior count, 15 U.S.C. § 1692e states that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

31. In Idaho, plaintiffs prepare a Summons in accordance with the statutory language, but the Summons itself is issued by the Court.

32. Despite that reality, the Summons Mr. York was served with states: "This communication is from a debt collector. If you wish to resolve this matter please call at 888-599-6333 ext. . Reference# 870912"

33. It is deceptive for Defendants to claim that the Summons, with all the important language it

includes, is from a debt collector, when it is in fact from the Court.

34. Additionally, the claim that the matter can be resolved by calling the phone number at the bottom of the summons is a direct contradiction to the requirement in the Summons that a written Answer must be filed with the Court.

35. Both of these items were an attempt by Johnson Mark and Midland Funding to deceive Mr. York.

36. Mr. York is entitled to statutory and actual damages due to Defendants' violation.

### COUNT III: ABUSE OF PROCESS

37. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

38. Johnson Mark and Midland Funding took a willful act in having Mr. York served with a Summons and Complaint that lacked a case number.

39. Johnson Mark and Midland Funding took an additional willful act in making the misrepresentation that the Summons was coming from them and not the Court.

40. It was improper to have Mr. York served with a Summons and Complaint which lacked the case number he needed in order to file an Answer without the need for counsel.

41. It was improper to represent that Johnson Mark and Midland Funding were issuing the Summons, rather than the Court.

42. Serving Mr. York with a Summons and Complaint which did not have a case number was done for the ulterior, improper purpose of depriving Mr. York of the ability to file an Answer, which would in turn enable Johnson Mark and Midland Funding to obtain a default judgment.

43. Offering to resolve the matter by calling a phone number at the bottom of the Summons was done for the ulterior, improper purpose of overshadowing the plain language of the Summons

which requires filing a written Answer with the court.

44. Mr. York could have believed that if he called the phone number he was no longer required to file an Answer.

45. Such a belief would have left Johnson Mark and Midland Funding with the ability to obtain a default judgment despite Mr. York's attempts to call the number on the Summons to "resolve" the matter.

46. Mr. York is entitled to actual and punitive damages due to Defendants' violation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1),

B. Statutory damages up to $1,000.00 per Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A),

C. Leave to seek an amendment to the complaint at a later date to seek punitive damages pursuant to I.C. § 6-1604,

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3),

E. In the event of default judgment, for attorney fees in the amount of $2,000.00,

F. For Court costs; and

G. For such other and further relief as may be just and proper.

DATED: April 3, 2017.

/s/ Ryan A. Ballard
Ryan A. Ballard
Ballard Law, PLLC